SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
 A Limited Liability Partnership
 Including Professional Corporations
GREGORY F. HURLEY, Cal. Bar No. 126791
ghurley@sheppardmullin.com
MICHAEL J. CHILLEEN, Cal. Bar No. 210704
mchilleen@sheppardmullin.com
650 Town Center Drive, 4th Floor
Costa Mesa, California 92626-1993
Telephone: 714.513.5100
Facsimile: 714.513.5130

Attorneys for Defendant
NEW YORK & COMPANY, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ROY RIOS, an individual,<br><br>   Plaintiff,<br><br>  v.<br><br>NEW YORK & COMPANY, INC., a Delaware corporation; and DOES 1-10, inclusive,<br><br>   Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF ACTION PURSUANT TO (1) 28 U.S.C. §§ 1332 AND 1441(b) (DIVERSITY OF CITIZENSHIP); AND (2) 28 U.S.C. §§ 1331 AND 1441(c) (FEDERAL QUESTION)**<br><br>Los Angeles County Superior Court Case Number:  BC662737<br><br>Trial Date: None Set |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. sections 1331, 1332, 1441, and 1446, defendant New York & Company, Inc. ("Defendant") by and through its attorneys, hereby removes to the United States District Court for the Central District of California, the above-captioned matter of *Roy Rios v. New York & Company, Inc., a Delaware corporation, and DOES 1-10*, inclusive, which is currently pending in the Superior Court of the State of California for the County of Los Angeles, Case No. BC662737 (hereinafter the "State Court Action"). As set forth below, removal is proper under two separate and independent bases: (1) federal jurisdiction pursuant to diversity of citizenship; and (2) federal question jurisdiction.

## I. FILING OF THE COMPLAINT

1. On May 24, 2017, plaintiff ROY RIOS ("Plaintiff") commenced an action in the Superior Court of the State of California for the County of Los Angeles, Case Number BC662737, by filing a Complaint entitled "***Roy Rios v. New York & Company, Inc., a Delaware corporation; and DOES 1-10, inclusive***."

2. The Complaint asserts violations of the Americans with Disabilities Act ("ADA") and the Unruh Civil Rights Act ("Unruh Act"). (Complaint ¶¶ 5, 21).

## II. TIMELINESS OF REMOVAL

3. Defendant received a copy of the Complaint on June 9, 2017 Accordingly, this Notice of Removal is timely as it is being filed within thirty (30) days of Defendant receiving a copy of the Summons and Complaint. *See* 28 U.S.C. § 1446(b)(2)(A). Attached as Exhibit "A" to this Notice of Removal are true and correct copies of all of the pleadings, processes and orders that have been served upon Defendant and filed in the State Court Action. Defendant has not yet responded to the Complaint. There are no other named defendants.

## III. REMOVAL JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP

4. The Court has diversity jurisdiction of this action under 28 U.S.C. section 1332(a)(1). As set forth below, this action is removable pursuant to the provisions of 28 U.S.C. section 1441(a), as the amount in controversy exceeds $75,000, exclusive of interest and costs, and the controversy is between citizens of different states.

### A. Amount In Controversy

5. While Defendant denies any liability as to Plaintiff's claims, the amount in controversy requirement is satisfied because "it is more likely than not" that the amount exceeds the jurisdictional minimum of $75,000. *See Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 403-404 (9th Cir. 1996) (discussing whether "it is 'more likely than not' that the amount in controversy exceeds [the threshold] amount") (internal citation omitted). As explained by the Ninth Circuit, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (the district court may consider facts presented in the removal petition).

6. Importantly, "[s]ection 1332(a)'s amount-in-controversy requirement excludes only 'interest and costs.'" *Gugliemino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007). Thus, the amount in controversy not only includes "compensatory damages," but also includes statutory penalties, injunctive relief, attorneys' fees, and other various forms of relief. *Id.* Defendant is not obligated to "research, state, and prove the plaintiff's claims for damages." *McCraw v. Lyons*, 863 F. Supp. 430, 434 (W.D. Ky. 1994).

7. Defendant can establish the amount in controversy by the allegations in the Complaint, or by setting forth facts in the notice of removal that demonstrate that the amount in controversy "more likely than not" exceeds the jurisdictional minimum. For this purpose, the District Court may consider whether

it is facially apparent from the Complaint that the jurisdictional amount is in controversy. *See Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); *Conrad Assoc. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998). In addition to the contents of the removal petition, the Court considers "summary-judgment-type evidence relevant to the amount in controversy at the time of removal," such as affidavits or declarations. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

8. In measuring the amount in controversy, a court must assume that the allegations of the Complaint are true and that a jury will return a verdict for Plaintiff on all claims made in the Complaint. *See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is what amount is put "in controversy" by the Complaint, not what the defendant will actually owe. *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005); *see also Scherer v. Equitable Life Assurance Society of the United States*, 347 F.3d 394, 399 (2d Cir. 2003).

9. Defendant provides the following calculations only to demonstrate that the amount in controversy in this case easily exceeds the jurisdictional requirement. Defendant makes no admission of any liability or damages with respect to any aspect of this case.

10. The Complaint alleges violations of the Unruh Act and that Defendant's misconduct was "intentional." (Complaint ¶20). Plaintiff seeks to recover his attorney's fees and costs. Attorneys' fees are properly considered in the analysis of the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for attorneys' fees are to be included in amount in controversy, regardless of whether award is discretionary or mandatory); Prosecuting an individual Unruh Act claim can lead to a recovery of more than $75,000 in attorneys' fees. *See Engel v. Worthington*, 60 Cal. App. 4th 628, 635-36 (1997) (finding $80,875 in attorneys' fees for recovering $250 in Unruh damages to

be reasonable).  Here, Plaintiff limits his attorneys' fees and costs to $74,999.  (Complaint ¶20).

11.  Plaintiff also alleges that he is entitled to "statutory minimum damages pursuant to California Civil Code § 51 for each and every offense" and that he attempted to access the website on numerous occasions and "continues to be *deterred on a regular basis* from accessing Defendant's website."  (Complaint ¶16, 23).  For *each offense, visit, or deterred visit* under the Unruh Act, disabled individuals, such as Plaintiff can recover "actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000)…." Cal. Civ. Code § 52(i).  Using the $4,000 statutory minimum and assuming, conservatively, that Plaintiff is seeking to recover statutory damages based on 20 visits/deterred visits, then Plaintiff could potentially recover $80,000.00 (20 visits/deterred visits x $4,000 in statutory damages for a total of $80,000.00).

12.  In addition, Plaintiff wants the Court to issue a permanent injunction requiring Defendant to fix all of the alleged violations on its website.  Plaintiff limits the cost of the injunctive relief to $50,000.[1]  (Complaint ¶25).

13.  Thus, the $75,000 amount-in-controversy threshold is easily met in this case.  Adding the $74,999 in fees/costs to the $50,000 in injunctive relief to the $80,000 in statutory damages equals $204,999.

**B.  Diversity**

14.  Pursuant to 28 U.S.C. section 1332, "a corporation shall be deemed to be a citizen of any State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c).  A corporation's "'principal place of business'

---

[1] It is unclear how the Court could ever fashion such an injunction in the context of a website or that the Plaintiff has the power to limit the Court in this manner in an attempt to evade federal jurisdiction.

1 refers to the place where the corporation's high level officers direct, control, and
2 coordinate the corporation's activities," *i.e.*, the corporation's "nerve center." *Hertz*
3 *Corp. v. Friend,* 130 S. Ct. 1181, 1192 (2010). The "nerve center" is normally
4 where the corporation maintains its headquarters. *Id.*

5   15.   In this case, Defendant "is a Delaware corporation with its
6 principal place of business located in New York, New York." (Complaint ¶5).
7 Accordingly, Defendant is a citizen of Delaware and New York for purposes of
8 diversity jurisdiction.

9   16.   To establish citizenship for diversity purposes, a natural person
10 must be both (a) a citizen of the United States and (b) a domiciliary of one particular
11 state. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).
12 Residence is *prima facie* evidence of domicile. *See State Farm Mut. Auto Ins. Co. v.*
13 *Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). Here, Plaintiff resides in Los Angeles
14 County, California. (Complaint ¶4). Accordingly, for the purposes of removal,
15 Plaintiff is a citizen of the State of California.

16   17.   Thus, there is complete diversity of citizenship of the parties for
17 purposes of federal jurisdiction and this case is subject to removal pursuant to
18 28 U.S.C. section 1332(a)(1).

**IV.   REMOVAL JURISDICTION BASED ON FEDERAL QUESTION**

20   18.   This Court has original jurisdiction over this action pursuant to
21 28 U.S.C. section 1331 because the Complaint poses a federal question. Regardless
22 of whether a Complaint pleads only state causes of action, a claim can invoke
23 federal question jurisdiction if it raises a federal issue of law. *Grable & Sons Metal*
24 *Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312-14 (2005). The U.S. Supreme
25 Court has "recognized for nearly 100 years that in certain cases federal-question
26 jurisdiction will lie over state-law claims that implicate significant federal issues."
27 *Id.* at 312. "The doctrine captures the commonsense notion that a federal court
28 ought to be able to hear claims recognized under state law that nonetheless turn on

substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *Id.*

19. Plaintiff's lawsuit is based exclusively on alleged violations of the ADA, 42 U.S.C. section 12181, *et seq*. (Complaint ¶¶5, 21). Based on Plaintiff's own allegations, an examination of liability under the ADA is necessary to adjudicate his claims. Therefore, his lawsuit raises a question of federal law, rendering removal proper.

## V. VENUE

20. Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1441(a), 1446(ii) and 84(c), because the county in which the State Court Action is pending is found within this District.

## VI. NOTICE TO PLAINTIFF AND THE SUPERIOR COURT FOR THE COUNTY OF LOS ANGELES

21. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing will be served on Plaintiff's counsel of record. In addition, a copy of this Notice of Removal will be filed with the Clerk of the Court for the Superior Court of the County of Los Angeles.

22. The undersigned counsel for Defendant had read the foregoing and signs the Notice of Removal pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by U.S.C. ¶ 1446(a).

**WHEREFORE**, Defendant requests that the State Court Action pending before the Superior Court of the State of California for the County of Los Angeles be removed to the United States District Court for the Central District of California.

1 | Dated: June 23, 2017
2 | 
3 |         SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
4 | 
5 |     By      /s/ Gregory F. Hurley
                GREGORY F. HURLEY

Attorneys for Defendant
NEW YORK & COMPANY, INC.