O

# United States District Court
# Central District of California

ROY RIOS,

          Plaintiff,

   v.

NEW YORK AND COMPANY, INC.; and DOES 1–10, inclusive,

          Defendants.

Case No. 2:17-cv-04676-ODW(AGRx)

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND [11]**

## I.    INTRODUCTION

Plaintiff Roy Rios filed this case in the Los Angeles County Superior Court on May 24, 2017. (*See* Am. Not. of Removal, ECF No. 15.) On June 23, 2017, Defendant New York and Company, Inc. removed the action to this Court. (*Id.*) Plaintiff now moves to remand the case to state court on the basis that Defendant's removal was improper. (ECF No. 11.)

For the reasons discussed below, the Court **DENIES** Plaintiff's Motion to Remand. (ECF No. 11.)[1]

---

[1] After considering the papers filed in connection with the Motion, the Court deemed it appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

## II. BACKGROUND

Plaintiff is blind and uses screen-reading software to access the Internet and read websites. (Compl. ¶ 1, ECF No. 15-1.) After attempting to visit Defendant's website and being unable to do so because of barriers to screen-reading access, Plaintiff filed this case alleging a violation of the Unruh Civil Rights Act (California Civil Code ¶ 51 et seq.). (Compl. ¶¶ 12, 13, 16.) Defendant based its removal of the case to federal court on two grounds: federal question jurisdiction and diversity jurisdiction. Plaintiff argues in his motion to remand that neither basis is proper, because there is no federal question at stake (as the Unruh Act is a California statute), and the amount in controversy does not exceed $75,000, precluding diversity jurisdiction. (*See generally* Mot.)

## III. LEGAL STANDARD

Federal courts have subject matter jurisdiction only as authorized by the Constitution and by Congress. U.S. Const. art. III, § 2, cl. 1; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts have original jurisdiction where an action arises under federal law, or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a). A defendant may remove a case from state court to federal court only if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Courts should construe the removal statute strictly against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).

## IV. DISCUSSION

Plaintiff attacks both of Defendant's bases for removal, arguing that there is not a federal question at stake and that there is not an amount in controversy exceeding

$75,000. The Court agrees that there is not a federal question at stake but finds that the amount in controversy exceeds $75,000, and therefore, the requirements for diversity jurisdiction are met.

**A.  Federal Question Jurisdiction**

Plaintiff argues that his partial reliance on the federal Americans with Disabilities Act ("ADA") in stating his claim under the Unruh Act does not create a federal question. *See* 42 U.S.C. § 12188. The Court agrees.

California's Unruh Act incorporates the ADA, such that the ADA may serve as the "hook" for an alleged violation of state law. *See, e.g.*, *Lentini v. Cal. Ctr. for the Arts, Escondido*, 370 F.3d 837, 846 (9th Cir. 2004). This is what Plaintiff has done, partially basing his Unruh Act claim on a violation of the ADA. (*See* Compl. ¶¶ 5, 21 ("The New York & Co. store locations in California are public accommodations within the definition of Title III of the Americans with Disabilities Act" and "Defendant is also violating the Unruh Civil Rights Act . . . in that that conduct alleged herein likewise constitutes a violation of various provisions of the ADA . . . .")). Plaintiff does not allege an ADA violation as an independent cause of action or seek relief under the ADA. Further, Plaintiff lists other "hooks" for his Unruh Act claim independent of the ADA. (*See id.* ¶¶ 18–20.)

Plaintiff cites to *Wander v. Kaus*, 304 F.3d 856 (9th Cir. 2002), which is instructive as to one portion of Plaintiff's claim. Plaintiff argues that because the *Wander* court ruled that a state-law damages suit premised on a violation of the ADA does not give rise to a federal cause of action for damages, his case likewise does not give rise to a federal cause of action. *See id.* at 859. While this reasoning applies to Plaintiff's prayer for damages, Plaintiff also seeks injunctive relief, which is outside the scope of the holding in *Wander*. The court in *Pickern v. Best Western Timber Cove Lodge Mariana Resort* addressed a similar issue, finding that:

> State law provides for injunctive relief as well as damages, *see* Cal. Civ. Code 52.1(b), and it is possible for a state law claim for

> injunctive relief to be premised solely on a violation of the ADA. Such a claim would be no different from a federal ADA claim. Federal question jurisdiction must exist in these circumstances.

194 F. Supp. 2d 1128, 1132 n.5 (E.D. Cal. 2002). Unlike the situation referenced in *Pickern*, however, Plaintiff's Unruh Act claim for injunctive relief is not based *solely* on a violation of the ADA; he also alleges that Defendant's conduct violates the Unruh Act based on that act's own provisions. (*See, e.g.*, Compl. ¶ 20.) Therefore, the Court finds that Plaintiff's Unruh Act claim does not necessarily require resolving Defendant's liability under the ADA and does not create a federal question. *See Wander*, 304 F.3d at 859; *Pickern*, 194 F. Supp. 2d at 1132.

**B.     Diversity Jurisdiction—Amount in Controversy**

The parties do not contest that complete diversity exists in this action. (Compare Mot., with Opp'n.) However, Plaintiff argues that the amount in controversy is below $75,000, while Defendants claim that it is actually much higher. The Court agrees that the amount in controversy exceeds $75,000.

In general, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1442(c)(2). When a plaintiff seeks injunctive as well as monetary relief, the value of the injunction for purposes of the amount in controversy can be assessed from "either viewpoint"—the plaintiff's benefit or the defendant's cost. *Ridder Bros. Inc. v. Blethen*, 142 F.2d 395, 399 (9th Cir. 1944).

Plaintiff argues that he is the "master of his own complaint" and has specifically limited the recovery he can receive to below $75,000. (Reply 6, ECF No. 13; Mot. 3.) Nonetheless, the Court determines that the amount in controversy is actually higher. The wording of Plaintiff's complaint plainly allows his combined monetary and injunctive recovery to be valued above $75,000. He states, "Plaintiff is entitled to injunctive relief . . . However, Plaintiff expressly limits the injunctive relief he seeks to $50,000 or less," and, "Plaintiff is also entitled to statutory minimum damages . . .

4

[and] reasonable attorneys' fees and costs; however, Plaintiff expressly limits the amount of *money* that Plaintiff presently seeks to recover in this action to less than $75,000." (Compl. ¶¶ 22–24 (emphasis added)). Plaintiff then states in his Complaint, "that the maximum amount of any total recovery shall not exceed $74,999." (*Id.* ¶ 24.) That conclusory limitation appears slapdash and contradicts Plaintiff's other statements in his prayer for relief. He asks for injunctive relief up to $50,000 and monetary relief up to $75,000, and then he states that the total recovery shall not exceed $74,999. The Court will not allow Plaintiff to request injunctive and monetary recovery far exceeding the jurisdictional minimum in once sentence and artificially limit the total recovery in the next. As such, the Court determines that the actual amount in controversy is at least $125,000. Therefore, diversity jurisdiction exists in this action, and it may remain in federal court.

## V. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Remand. (ECF No. 11.)

**IT IS SO ORDERED.**

August 17, 2017

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**