1  **PACIFIC TRIAL ATTORNEYS**
   A Professional Corporation
2  Scott J. Ferrell, Bar No. 202091
   sferrell@pacifictrialattorneys.com
3  Victoria C. Knowles, Bar No. 277231
   vknowles@pacifictrialattorneys.com
4  4100 Newport Place, Ste. 800
   Newport Beach, CA  92660
5  Tel: (949) 706-6464
   Fax: (949) 706-6469
6
   Attorneys for Plaintiff
7

8  **SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
   A Limited Liability Partnership
9  Including Professional Corporations
   GREGORY F. HURLEY, Cal. Bar No. 126791
10 ghurley@sheppardmullin.com
   MICHAEL J. CHILLEEN, Cal. Bar No. 210704
11 mchilleen@sheppardmullin.com
   650 Town Center Drive, 4th Floor
12 Costa Mesa, California 92626-1993
   Telephone: 714.513.5100
13 Facsimile: 714.513.5130

14 Attorneys for Defendant

15

16              **UNITED STATES DISTRICT COURT**

17             **CENTRAL DISTRICT OF CALIFORNIA**

18

19 ROY RIOS, an individual,              Case No. 2:17-cv-04676-ODW-AGRx

20          Plaintiff,
                                         **JOINT RULE 26(f) REPORT**
21          v.

22 NEW YORK & COMPANY, INC., a           Complaint Filed:  May 24, 2017
   Delaware corporation; and DOES 1-10,  Removed:  June 23, 2017
23 inclusive,                            Trial Date:  Not Assigned

24          Defendants.

25

26

27

28

TO THE CLERK, COURT, AND ALL PARTIES AND THEIR COUNSEL OF RECORD, Plaintiff Roy Rios ("Plaintiff") and Defendant New York & Co., Inc. ("Defendant") (collectively with Plaintiff, the "Parties") hereby submit this Joint Rule 26(f) Report Pursuant to the Court's July 3, 2017 Order (Dkt. No. 9):

(1) a short synopsis of the principal issues in the case;

Plaintiff contends that Defendant, which maintains places of public accommodation, offers a website as a privilege and service thereof, nyandcompany.com, which is integrated with Defendant's places of public accommodation and functions as the gateway to Defendant's stores. Defendant's website allows the user to locate the stores, make purchases, read product descriptions, join email lists, and a host of other functions, but is denying equal access to blind and visually-impaired customers such as Plaintiff. Nyandcompany.com contains access barriers that prevent free and full use by blind and visually-impaired persons using screen reading software. These barriers are pervasive and include, but are not limited to, the following: lack of alternative text, empty links, redundant alternative text, and missing form labels.  The foregoing access barriers prevent Plaintiff from full and equal access to the services and privileges offered by Defendant.  Based thereon, Plaintiff has alleged a cause of action based on Defendant's violation of the Unruh Civil Rights Act, California Civil Code § 51 *et seq*.

Plaintiff contends the legal issues in this case stem from the question whether the inaccessibility of Defendant's website by Plaintiff, a blind individual, violates the Unruh Civil Rights Act, California Civil Code § 51 *et seq*. A determination of this issue will depend on several legal inquiries: (1) whether Defendant's website can be considered a place of public accommodation pursuant to 42 U.S.C. § 12182(a); (2) if not, whether there is a sufficient nexus between nyandcompany.com and Defendant's stores; (3) whether nyandcompany.com is a service, facility, privilege, advantage, and/or accommodation of Defendant's stores; and (4) based thereon, whether Plaintiff is entitled to damages.

Defendant contends the Department of Justice has not issued any accessibility standards for websites. This is a nuisance lawsuit. Defendant denies that its website is not accessible.  Plaintiff and Plaintiff's counsel have filed a number of these ADA / Unruh Act website suits in this District and across Southern California.    The Complaints in each of these allege the same claims and violations.  Plaintiff alone has filed the following near-identical cases.

| Date | Case | Number |
|---|---|---|
| 04/30/15 | Rios v. Barnes and Noble Booksellers, Inc. | 2:15-cv-03220-R-VBK |
| 05/05/15 | Rios v. The Donna Karan Company, LLC | 2:15-cv-03487-FMO-MRW |
| 06/19/15 | Rios v. Fossil Stores I Inc. et al | 8:15-cv-00988-CBM-VBK |
| 01/20/17 | Rios v. Versace USA, Inc. | 2:17-cv-00501-DMG-RAO |

These suits do not identify a particular date when the Plaintiff attempted to access Defendant's website or describe any specific problems the Plaintiff allegedly encountered.  The alleged violations appear, both generally and specifically, to be the same or similar in each of these Complaints.  Each of these suits allege that the defendant's website violates the ADA because it does not comply with private guidelines called the Web Content Accessibility Guidelines (WCAG).  There are no ADA regulations for websites.  Several Courts have found that the ADA does not apply to private websites.   The Ninth Circuit has interpreted the term "place of public accommodation" to require "some connection between the good or service complained of and an actual physical place." *Earll v. eBay, Inc.*,  599 Fed. Appx. 695 (9th Cir. Apr. 1, 2015); *Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1114 (9th Cir. 2000).   The Department of Justice has not issued any accessibility standards for websites and/or mobile applications and has delayed or abandoned its Rulemaking for private websites.

Recognizing the above, Judge Otero dismissed identical claims in *Guillermo Robles v. Dominos Pizza LLC* 2:16-cv-06599-SJO-FFM (C.D. Cal. March 20, 2017)

pursuant to due process principles and the primary jurisdiction doctrine. Defendant believes this lawsuit should be dismissed on the same grounds.

(2) <u>a statement of whether pleadings are likely to be amended;</u>

The Parties do not believe the pleadings are likely to be amended.

(3) <u>a statement as to issues which any party believes may be determined by motion;</u>

The Parties propose filing respective motions for summary judgment and/or adjudication. The Parties believe motions for summary judgment and/or adjudication may resolve the legal issues set forth above.

(4) <u>a listing and proposed schedule of written discovery, depositions, and a proposed discovery cut-off date;</u>

The Parties propose having their non-expert discovery, including written discovery and Party depositions completed by March 12, 2018.

The Parties propose having their initial expert disclosures on January 15, 2018, and any rebuttal disclosures by February 12, 2018.

(5) <u>a listing and proposed schedule of law and motion matters, and a proposed dispositive motion cut-off date;</u>

The Parties propose having the dispositive motion hearing cut-off date be April 16, 2017.

(6) <u>a statement of what efforts have been made to settle or resolve the case to date and what settlement procedure is recommended pursuant to Local Rule 16-15.4 (specifically excluding any statement of the terms discussed);</u>

The Parties have not yet engaged in settlement discussions. The Parties propose utilizing a panel mediator pursuant to ADR Procedure No. 2.

(7) <u>an estimated length of trial and a proposed date for the Final Pretrial Conference and for Trial;</u>

The Parties estimate a 3 – 5 day jury trial.

(8) <u>a discussion of other parties likely to be added;</u>

The Parties do not anticipate any additional parties being added.

(9) whether trial will be by jury or to the court;

The trial shall be by jury.

(10) any other issues affecting the status or management of the case;

The Parties are unaware of any other issues affecting the status or management of this case at this time.

(11) proposals regarding severance, bifurcation or other ordering of proof.

The Parties have no proposals regarding severance, bifurcation or ordering of proof.


Dated:  September 1, 2017                     **PACIFIC TRIAL ATTORNEYS, APC**


                                              By: */s/ Victoria C. Knowles*
                                                  Victoria C. Knowles
                                                  Attorney for Plaintiff
                                                  ROY RIOS

Dated:  September 1, 2017                     **SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**


                                              By: */s/ Michael J. Chilleen*
                                                  Michael J. Chilleen
                                                  Attorneys for Defendant
                                                  New York & Co., Inc.


*I, Victoria C. Knowles, hereby certify that the content of this document is acceptable to all persons required to sign this document and that I obtained the authorizations necessary for the electronic signatures of all parties for this document.*

                                               */s/ Victoria C. Knowles*
                                               Victoria C. Knowles

CERTIFICATE OF SERVICE

I hereby certify that on September 1, 2017, I electronically filed the foregoing **JOINT RULE 26(f) REPORT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

*/s/ Victoria C. Knowles, Esq.*
Victoria C. Knowles, Esq.